UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GREGORY G. MONARDO,  No. 10-12168

                  Debtor(s).
_____/

Memorandum on Motion for Approval of Compromise
_____

       Chapter 11 trustee Linda Green seeks approval of a compromise with the trustees of the Monardo Family Trust ("Trustees") whereby they will pay Green $10,000.00 to settle the estate's claims that they failed to properly administer the trust, of which debtor Gregory Monardo is a beneficiary. A written memorandum is necessary for the court to note the improper acts taken by Monardo while he was debtor in possession which must be corrected before a compromise can be considered.

       On October 31, 2010, the trustees of the Trustees filed an adversary proceeding against Monardo seeking to have the Trust claims against Monardo declared nondischargeable on account of fraud and other wrongful acts. This was a personal action against Monardo, dealing only with the rights of the Trustees after the bankruptcy was over. Without any justification the court can see, Monardo responded with a "counterclaim" whereby he objected to the $3 million proof of claim the Trustees had filed and also sought affirmative damages against the Trustees even though no such claim had been scheduled as an asset, let alone claimed as exempt. Thus, Monardo attempted to use estate

assets to defend a personal action against him.

On July 6, 2011, following a motion by the U.S. Trustee, Green was appointed as trustee and Monardo was removed as debtor in possession. The current motion is a proper attempt by Green to undo the problems created by Monardo while he was in charge of his estate. Unfortunately, those problems are not yet cleaned up and the court cannot approve the compromise until they are.

Monardo has not even scheduled a claim against the Trustees, let alone claimed it as exempt. He therefore has no standing to assert the counterclaim against the Trustees. He might have standing to object to the claim, but that is a separate matter from whether he owes a nondischargeable debt. He has no right to stipulate to allowance of the claim.

While the overall compromise may make sense, the court cannot approve it now because there are too many loose ends. Before the compromise can be approved, the counterclaim and the objection to Claim #7 filed by the Trustees must be severed from the personal adversary proceeding. Also, the court is not sure if Claim #7 is to be withdrawn as part of the compromise so the court cannot fully evaluate the compromise or determine if it is fair to allow Monardo to overbid. Until these matters are cleaned up, approval of the compromise is premature.

For the foregoing reasons, the motion for approval of the compromise will be denied without prejudice. Counsel for Green shall submit an appropriate form of order.

Dated: November 12, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge